IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LORI WEATHINGTON                                                                    PLAINTIFF

vs.                                    Civil No. 2:18-cv-02082

NANCY A. BERRYHILL                                                                  DEFENDANT
Acting Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lori Weathington ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 11.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability application on April 4, 2016. (Tr. 14). In this application, Plaintiff alleges being disabled due to COPD, depression, hernia, kidney stones, and emphysema. (Tr. 236). Plaintiff alleges an onset date of September 1, 2009. (Tr. 59). This application was denied initially and again upon reconsideration. (Tr. 87-112).

After Plaintiff's application was denied, Plaintiff requested an administrative hearing on this

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

application, and this hearing request was granted. (Tr. 28-55). Thereafter, on May 12, 2017, the SSA held an administrative hearing on Plaintiff's application in Fort Smith, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Michael Joe Hamby. *Id.* Plaintiff and Vocational Expert ("VE") Jim Spragins testified at this hearing. *Id.*

On August 18, 2017, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 15-23). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 4, 2016, her application date. (Tr. 16, Finding 1). The ALJ determined Plaintiff had the following severe impairments: COPD; lumbar degenerative disc disease; history of ovarian cyst; history of recurrent non-obstructive kidney stones; "tiny" fat containing ventral hernia; and GERD. (Tr. 16-17, Finding 2). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18, Finding 3).

The ALJ determined Plaintiff had a limited education but was able to communicate in English. (Tr. 22, Finding 7). The ALJ determined Plaintiff was forty-two (42) years old, which is defined as a "younger individual" under 20 C.F.R. § 416.963(c) (SSI). (Tr. 22, Finding 6).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 18-21, Finding 4). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except occasional exposure to dust, fumes, smoke, or chemicals; and avoid temperature extremes of cold, wetness, and humidity.

*Id.*

The ALJ determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 21-22, Finding 5). The ALJ, however, found Plaintiff did retain the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22, Finding 9). In making this determination, the ALJ relied upon the testimony of the VE. *Id.* Based upon this testimony, the ALJ determined Plaintiff retained the capacity to perform work as a Cashier II (light, unskilled) with approximately two million such jobs in the nation and Price Marker (light, unskilled) with approximately 496,000 such jobs in the nation. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 4, 2016 (application date) through August 18, 2017 (ALJ's decision date). (Tr. 23, Finding 10).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On March 15, 2018, th Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On May 4, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 22, 2018. ECF No. 11. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel,* 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 15 at 1-3. In making her arguments for reversal, Plaintiff generally claims the ALJ erred in assessing her mental and physical impairments. *Id.* Plaintiff, however, fails to provide any specificity elaborating on these arguments. *Id.* Instead, Plaintiff submits approximately two pages of briefing and does not even cite to any specific transcript pages as evidentiary support. Without more, the Court cannot find a basis for reversal in this matter. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" Plaintiff's conclusory assertion that the ALJ failed to consider whether he met listings 12.02 or 12.05C because Plaintiff "provides no analysis of the relevant law or facts regarding these listings").

4. **Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of February 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE